UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFRED LEWIS,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS J. DART, COOK COUNTY, ILLINOIS SHERIFF, COOK COUNTY DEPARTMENT OF CORRECTIONS, COOK COUNTY, ILLINOIS, CERMAK HEALTH SERVICES OF COOK COUNTY, and JOHN DOES 1-20.<br><br>    Defendant, | Case No.: 1:17-cv-02790<br>Honorable John Z. Lee |

## FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now plaintiff, ALFRED LEWIS, by counsel, Wanda E. Jones of Jones Law Offices, and for his cause of action against defendants, THOMAS J. DART, SHERIFF OF COOK COUNTY, ILLINOIS, COOK COUNTY DEPARTMENT OF CORRECTIONS, COOK COUNTY, ILLINOIS, CERMAK HEALTH SERVICES OF COOK COUNTY, and JOHN DOES 1-20, states as follows:

## PRELIMINARY STATEMENT

1. This lawsuit arises out of the inhumane treatment Plaintiff received while an inmate at the Cook County Department of Corrections (the "CCDOC" or "Cook County Jail"). Plaintiff experienced an ongoing extreme and unreasonable failure to treat serious medical conditions, to provide necessary medications, and constant exposure to an environment detrimental to his health and wellbeing.

2. This lawsuit seeks damages for: (1) the deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution, (2) the denial of adequate medical care in violation of the Fourteenth Amendment to the United States Constitution.

1

## JURISDICTION AND VENUE

3. This is a civil action under 42 U.S.C. Sec. 1983 seeking damages against Defendants for committing acts, under color law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States.

4. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). The declaratory and injunctive relief sought is authorized by 28 U.S.C. Sections 2201 and 2202, 42 U.S.C. Section 1983 and Rule 57 of the Federal Rules of Civil Procedure.

5. The Northern District of Illinois is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because the events giving rise to this claim occurred in this judicial district.

## PARTIES

6. Plaintiff Alfred Lewis was a detainee of the State of Illinois in the custody of the Illinois Department of Corrections, residing at the Cook County Jail in Chicago, Illinois, from November 3, 2016 until June 20, 2017, assigned Prisoner Identification Number 20160906100.

7. Plaintiff currently resides at 11113 Parnell, Chicago, County of Cook, Illinois.

8. Defendant, Thomas J. Dart was, at all times relevant herein, the Sheriff of Cook County. As the duly elected Sheriff of Cook County, Dart operates in his official capacity as the Cook County Sheriff's office (the "Sheriff's Office"). He is also the Warden of the CCDOC, where he was given custody and charge of Lewis and was responsible for Miller's protection, as well as for the hiring, training and supervision of all personnel necessary to operate and maintain the CCDOC. He is sued in his official capacity.

9. Defendant County of Cook is a local public entity under the laws of the State of Illinois.

10. Defendant Cermak Health Services of Cook County is a subdivision of the County of Cook that provides medical services for detainees.

11. Defendants John Does 1-20 were, at all times relevant herein, employees of the Cook County who had responsibility for ensuring, Lewis received proper

medical services, and all identifiable individuals, through discovery or otherwise, are sued in their individual and official capacities.

12. Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## COUNT I

## CONSTITUTIONAL AND CIVIL RIGHTS PURSUANT TO 42 U.S.C. §§ 1983, 1988 VIOLATION OF EIGHT AMENDMENT RIGHTS
### (Against all Defendants)

13. Plaintiff alleges and incorporates by reference paragraphs 1 through 12 as if fully set forth herein.

14. Lewis first requested medical attention and medication upon incarceration in November, 2016 as at the time of his incarceration Plaintiff suffered from severe and debilitating Chronic Obstructive Pulmonary Disease, ("COPD"), severe asthma, severe allergies and suffered from a sinus condition, which required daily medication and regular use of a nebulizer.

15. That in addition to his health issues involving his lungs that the Plaintiff was treating for his hand, which required ongoing physical therapy and medication to control the pain experienced by the Plaintiff.

16. That at said time and place the medical conditions affecting the Plaintiff's lungs impaired his breathing capacity so that is was necessary that he be in an environment which provided good ventilation, free of mold, damp, dust, and allergens.

17. That during said period of incarceration, despite Defendants' knowledge of the Plaintiff's medical conditions, the Plaintiff was denied necessary medical treatment and medications, and was denied an environment with good ventilation and was instead exposed to mold, damp, dust, and allergens in poorly ventilated living quarters which made his medical condition worse, such inadequate medical care a violation of Lewis' constitution rights including but not limited to:

    a. acting with deliberate indifference to a serious medical need of Lewis;
    b. acting or purporting to act in the performance of their official duties;
    c. causing harm to Lewis; and

3

    d. acting with deliberate indifference therein being the substantial factor in causing Lewis' harm.

18. The practice or custom include the following tactics by the Cook County Jail, which are used so frequently that they amount to an official policy of the Cook County Jail:

    e. Responding to Lewis' and other detainees' complaints of mistreatment, including failure to provide medical attention, with inadequate investigation and grievance responses calculated to mislead the public and which show a deliberately indifferent attitude towards official misconduct.
    f. Delaying investigations and treatment for months;
    g. Creating an atmosphere where medical personnel are discouraged from treating inmates' injuries and adequately documenting the injuries;
    h. Providing no protection or incentives for medical personnel at Cook County to treat inmates' injuries promptly and adequately and to document the injuries appropriately, and instead provided protection for medical personnel to refuse timely treatment and omit documentation of medical care;

19. The conduct of Defendants was willful and exhibited a flagrant disregard for Lewis' federally secured rights. Accordingly, these defendants are liable to Lewis under 42 U.S.C. § 1983.

WHEREFORE, Alfred Lewis, requests this Court grant him the following relief jointly and severally against the named defendants:

    A. Judgment for compensatory damages against all defendants in an amount to be determined at trial;
    B. Judgment for punitive damages against all defendants in an amount to be determined at trial;
    C. An award of the costs of this action against all defendants, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988 and/or 18 U.S.C. § 1964(c).
    D. An award requiring Defendant Cook County to pay any judgment for compensatory damages entered against Defendant, John Does;
    E. Such other and further relief the Court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY

DATED: November 29, 2017.

                                        Respectfully submitted,

                                        */s/ Wanda E. Jones*
                                        Wanda E. Jones,
                                        JONES LAW OFFICES
                                        110 North Broad Street
                                        Griffith, IN 46319
                                        Tel: (219) 844-8888
                                        wej@indianajoneslaw.com